IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PRESERVATION TECHNOLOGIES LLC,

               Plaintiff,

   vs.

MINDGEEK USA INCORPORATED,

          Defendant.

C.A. NO.:

JURY DEMANDED

## COMPLAINT

Plaintiff Preservation Technologies LLC ("Preservation Technologies" or "Plaintiff") alleges as follows:

## THE PARTIES

1.     Plaintiff Preservation Technologies is a limited liability company organized and existing under the laws of the State of Delaware.

2.     Upon information and belief, Mindgeek USA Incorporated is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 2300 West Empire Avenue, 7th Floor, Burbank, California 91504. Defendant can be served with process by serving its registered agent for service of process in the State of Delaware, Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington, Delaware 19801.  Herein, "Mindgeek" or "Defendant" refers to Mindgeek USA Incorporated and all of its parents, subsidiaries and affiliates.

## JURISDICTION AND VENUE

3.     This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of

the action under 28 U.S.C. §1331 and §1338(a).

4.      Upon information and belief, personal jurisdiction by this Court over Defendant is proper because Defendant is incorporated in Delaware and regularly conducts business within the State of Delaware.

5.      Venue properly lies in this district under the provisions of 28 U.S.C. § 1391 because Defendant has purposely and repeatedly availed itself of the privilege of doing business within the district.

### THE PATENTS-IN-SUIT

6.      On September 22, 1998, United States Patent No. 5,813,014 ("the '014 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets."  The invention disclosed by the '014 Patent is a generalized solution for management of multimedia assets comprising interfaces between various components of a multimedia system. These interfaces provide for communication between the components to accomplish searching for and retrieving multimedia assets.  A true and correct copy of the '014 Patent is attached hereto as Exhibit "A."

7.      On November 3, 1998, United States Patent No. 5,832,499 ("the '499 Patent") was duly and legally issued for a "Digital Library System."  The invention disclosed by the '499 Patent relates to a digital library system that includes systems and mechanisms for capturing, managing, and distributing multimedia data.  A true and correct copy of the '499 Patent is attached hereto as Exhibit "B."

8.      On July 18, 2000, United States Patent No. 6,092,080 ("the '080 Patent") was duly and legally issued for a "Digital Library System."  The invention disclosed by the '080 Patent relates to a digital library system that includes systems and mechanisms for capturing, managing, and distributing multimedia data.  A true and correct copy of the '080 Patent is

attached hereto as Exhibit "C."

9.　　On March 5, 2002, United States Patent No. 6,353,831 ("the '831 Patent") was duly and legally issued for a "Digital Library System."  The invention disclosed by the '831 Patent relates to a digital library system that includes systems and mechanisms for capturing, managing, and distributing multimedia data.  A true and correct copy of the '831 Patent is attached hereto as Exhibit "D."

10.　　On November 3, 1998, United States Patent No. 5,832,495 ("the '495 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '495 Patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes.  These attributes may be used to build one or more indices that can be used to facilitate catalog access.  A true and correct copy of the '495 Patent is attached hereto as Exhibit "E."

11.　　On November 5, 2002, United States Patent No. 6,477,537 ("the '537 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets."  The invention disclosed by the '537 Patent is a generalized solution for management of multimedia assets comprising interfaces between various components of a multimedia system.  These interfaces provide for communication between the components to accomplish searching for and retrieving multimedia assets.  A true and correct copy of the '537 Patent is attached hereto as Exhibit "F."

12.　　On March 6, 2001, United States Patent No. 6,199,060 ("the '060 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets." The invention disclosed by the '060 Patent is a generalized solution for management of

multimedia assets comprising interfaces between various components of a multimedia system. These interfaces provide for communication between the components to accomplish searching for and retrieving multimedia assets.  A true and correct copy of the '060 Patent is attached hereto as Exhibit "G."

13.     On April 3, 2001, United States Patent No. 6,212,527 ("the '527 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '527 Patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes.  These attributes may be used to build one or more indices that can be used to facilitate catalog access.  A true and correct copy of the '527 Patent is attached hereto as Exhibit "H."

14.     On April 15, 2003, United States Patent No. 6,549,911 ("the '911 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '911 Patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes.  These attributes may be used to build one or more indices that can be used to facilitate catalog access.  A true and correct copy of the '911 Patent is attached hereto as Exhibit "I."

15.     On June 17, 2003, United States Patent No. 6,581,071 ("the '071 Patent") was duly and legally issued for a "Surveying System and Method." The invention disclosed by the '071 Patent relates to a survey system wherein multiple versions of a survey may be defined and data from the survey versions may be maintained as cohesive data.   Each survey may comprise different sets of questions and different types of answers. A true and correct copy of

the '071 Patent is attached hereto as Exhibit "J."

16.     On June 3, 2003, United States Patent No. 6,574,638 ("the '638 Patent") was duly and legally issued for a "Surveying System and Method." The invention disclosed by the '638 Patent relates to a survey system wherein multiple versions of a survey may be defined and data from the survey versions may be maintained as cohesive data.  Each survey may comprise different sets of questions and different types of answers. A true and correct copy of the '638 Patent is attached hereto as Exhibit "K."

## BACKGROUND

17.     The USC Shoah Foundation (the "Shoah Foundation") developed the patented technology described in paragraphs 6-16, *supra* (collectively, the "Patents-in-Suit").  The Shoah Foundation's impetus was to gather, catalog and make available for access thousands of video testimonies.  In January 2006, the Survivors of the Shoah Visual History Foundation became part of the Dana and David Dornsife College of Letters, Arts and Sciences at the University of Southern California in Los Angeles, where the testimonies in the Visual History Archive are preserved.

18.     Preservation Technologies has all substantial rights and interest to the Patents-in-Suit, including all rights to recover for all past and future infringements thereof.

## DEFENDANT'S ACTS

19.     Defendant manufactures, provides, sells, offers for sale, uses, and/or distributes infringing systems, articles, and methods, as well as provides computerized instructions that direct, control and/or put into use components that practice the claimed inventions.  The infringing Defendant systems, articles, and methods include, but are not limited to, systems, articles, and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, including but not limited to Defendant's various Internet websites for

streaming video, and related home and mobile device-specific applications (the "Accused Systems"), including without limitation: PornHub.com, "www.pornhub.com;" YouPorn.com, "www.youporn.com;" Tube8.com, "www.tube8.com;" XTube.com, "www.xtube.com;" ExtremeTube.com, "www.extremetube.com;" RedTube.com, "www.redtube.com;" SpankWire.com, "www.spankwire.com;" KeezMovies.com, "www.keezmovies.com;" YouPornGay.com, "www.youporngay.com;" PornMD.com, "www.pornmd.com;" Brazzers, "www.brazzersnetwork.com/home;" Digital Playground, "www.digitalplayground.com;" Twistys, "www.twistys.com;" Reality Kings, "www.realitykings.com;" SexTube.com, "www.sextube.com;" Beeg.com, "www.beeg.com;" Mofos.com, "www.mofos.com;" MyDirtyHobby.com, "us.mydirtyhobby.com;" and GayTube.com, "www.gaytube.com."  In addition to the foregoing, Defendant also provides related services, specifications, and instructions for the installation and operation of such systems and articles to its end-users and customers.  Other than the '071 and '638 Patents, Defendant acquired knowledge of the Patents no later than September 30, 2014, the date Defendant received Plaintiff's Notice of Infringement letter. Defendant received notice of the '071 and '638 Patents no later than Plaintiff's Notice of Infringement letter of October 3, 2014.

## COUNT 1

(Direct and indirect infringement of United States Patent No. 5,813,014)

20.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 as if set forth in their entirety herein.

21.     Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '014 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '014 Patent. Defendant is thus liable for

direct infringement of the '014 Patent pursuant to 35 U.S.C. § 271(a).

22.     Defendant had actual knowledge of the '014 Patent at least as of September 30, 2014, the date Defendant received Plaintiff's notice letter.

23.     On information and belief, since obtaining knowledge of the '014 Patent as set forth in paragraph 22, Defendant has indirectly infringed and continues to indirectly infringe the '014 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '014 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '014 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '014 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '014 Patent.

24.     On information and belief, since obtaining knowledge of the '014 Patent as set forth in paragraph 22, Defendant has indirectly infringed and continues to indirectly infringe the '014 Patent by contributorily infringing one or more of the claims of the '014 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '014 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

25.     On information and belief, Defendant Mindgeek has indirectly infringed the '014

Patent by, for example, providing the www.pornhub.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the www.pornhub.com website retrieve adult videos, clips and other media types associated with keywords, such as "sex," by using the solutions and interfaces described in paragraph 6.  Among other retrieval results, those for certain keywords referring to certain anatomical characteristics evidence associative, whole-part or inheritance relationships among keywords, in part because the same content can be retrieved with multiple such keywords referring to the same anatomical characteristic and multiple such other keywords appear in the "Related Searches" result when one such keyword entered.  Both the website and instructions induce others to infringe.  Additionally, there is no substantial non-infringing use of the Accused Systems.

26.      Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '014 Patent.

27.      As a result of Defendant's infringement of the '014 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 2

(Direct and indirect infringement of United States Patent No. 5,832,499)

28.      Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 as if set forth in their entirety herein.

29.      Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '499 Patent, as infringement is defined by

8

35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '499 Patent. Defendant is thus liable for direct infringement of the '499 Patent pursuant to 35 U.S.C. § 271(a).

30.     Defendant had actual knowledge of the '499 Patent at least as of September 30, 2014, the date Defendant received Plaintiff's notice letter.

31.     On information and belief, since obtaining knowledge of the '499 Patent as set forth in paragraph 30, Defendant has indirectly infringed and continues to indirectly infringe the '499 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '499 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '499 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '499 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '499 Patent.

32.     On information and belief, since obtaining knowledge of the '499 Patent as set forth in paragraph 30, Defendant has indirectly infringed and continues to indirectly infringe the '499 Patent by contributorily infringing one or more of the claims of the '499 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c). Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '499 Patent and are not a staple article or commodity of

commerce suitable for substantial non-infringing uses.

33.     On information and belief, Defendant Mindgeek has indirectly infringed the '499 Patent by, for example, providing the www.pornhub.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the www.pornhub.com website retrieve adult videos, clips and other media types associated with keywords, such as "sex," by using the various systems and mechanisms described in paragraph 7. Among other retrieval results, those for certain keywords referring to certain anatomical characteristics evidence associative, whole-part or inheritance relationships among keywords, in part because the same content can be retrieved with multiple such keywords referring to the same anatomical characteristic and multiple such other keywords appear in the "Related Searches" result when one such keyword entered.  Both the website and instructions induce others to infringe.  Additionally, there is no substantial non-infringing use of the Accused Systems.

34.     Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '499 Patent.

35.     As a result of Defendant's infringement of the '499 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 3

(Direct and indirect infringement of United States Patent No. 6,092,080)

36.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 as if set forth in their entirety herein.

37.     Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '080 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '080 Patent. Defendant is thus liable for direct infringement of the '080 Patent pursuant to 35 U.S.C. § 271(a).

38.     Defendant had actual knowledge of the '080 Patent at least as of September 30, 2014, the date Defendant received Plaintiff's notice letter.

39.     On information and belief, since obtaining knowledge of the '080 Patent as set forth in paragraph 38, Defendant has indirectly infringed and continues to indirectly infringe the '080 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '080 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '080 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '080 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '080 Patent.

40.     On information and belief, since obtaining knowledge of the '080 Patent as set forth in paragraph 38, Defendant has indirectly infringed and continues to indirectly infringe the '080 Patent by contributorily infringing one or more of the claims of the '080 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its

Accused Systems are a material part of the invention, and are especially made or adapted for a use

that infringes one or more claims of the '080 Patent and are not a staple article or commodity of

commerce suitable for substantial non-infringing uses.

41.     On information and belief, Defendant Mindgeek has indirectly infringed the '080

Patent by, for example, providing the www.pornhub.com website that operates in an infringing

manner or instructing others, including end users and customers, to operate the website in an

infringing manner, and others doing so.  As an example of indirect infringement, end users of the

www.pornhub.com website retrieve adult videos, clips and other media types associated with

keywords, such as "sex," by using the various systems and mechanisms described in paragraph 8.

Both the website and instructions induce others to infringe.  Additionally, there is no substantial

non-infringing use of the Accused Systems.

42.     Defendant's active inducement of infringement and contributory

infringement has occurred with actual knowledge of the '080 Patent.

43.     As a result of Defendant's infringement of the '080 Patent, Preservation

Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation

Technologies in an amount that adequately compensates it for Defendant's infringement,

which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed

by this Court under 35 U.S.C. § 284.

## COUNT 4

(Direct and indirect infringement of United States Patent No. 6,353,831)

44.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 as if set forth in

their entirety herein.

45.     Upon information and belief, Defendant, without permission of Preservation

Technologies, has been and is presently infringing the '831 Patent, as infringement is defined by

35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '831 Patent. Defendant is thus liable for direct infringement of the '831 Patent pursuant to 35 U.S.C. § 271(a).

46.    Defendant had actual knowledge of the '831 Patent at least as of September 30, 2014, the date Defendant received Plaintiff's notice letter.

47.    On information and belief, since obtaining knowledge of the '831 Patent as set forth in paragraph 46, Defendant has indirectly infringed and continues to indirectly infringe the '831 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '831 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '831 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '831 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '831 Patent.

48.    On information and belief, since obtaining knowledge of the '831 Patent as set forth in paragraph 46, Defendant has indirectly infringed and continues to indirectly infringe the '831 Patent by contributorily infringing one or more of the claims of the '831 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '831 Patent and are not a staple article or commodity of

commerce suitable for substantial non-infringing uses.

49.     On information and belief, Defendant Mindgeek has indirectly infringed the '831 Patent by, for example, providing the www.pornhub.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the www.pornhub.com website retrieve adult videos, clips and other media types associated with keywords, such as "sex," by using the various systems and mechanisms described in paragraph 9. Both the website and instructions induce others to infringe.  Additionally, there is no substantial non-infringing use of the Accused Systems.

50.     Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '831 Patent.

51.     As a result of Defendant's infringement of the '831 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 5

(Direct and indirect infringement of United States Patent No. 5,832,495)

52.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 as if set forth in their entirety herein.

53.     Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '495 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '495 Patent.  Defendant is thus liable

14

for direct infringement of the '495 Patent pursuant to 35 U.S.C. § 271(a).

54.     Defendant had actual knowledge of the '495 Patent at least as of September 30, 2014, the date Defendant received Plaintiff's notice letter.

55.     On information and belief, since obtaining knowledge of the '495 Patent as set forth in paragraph 54, Defendant has indirectly infringed and continues to indirectly infringe the '495 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '495 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '495 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '495 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '495 Patent.

56.     On information and belief, since obtaining knowledge of the '495 Patent as set forth in paragraph 54, Defendant has indirectly infringed and continues to indirectly infringe the '495 Patent by contributorily infringing one or more of the claims of the '495 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c). Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '495 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

57.     Defendant's active inducement of infringement and contributory

infringement has occurred with actual knowledge of the '495 Patent.

58.     On information and belief, Defendant Mindgeek has indirectly infringed the '495 Patent by, for example, providing the www.pornhub.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the www.pornhub.com website retrieve adult videos, clips and other media types associated with keywords, such as "sex," by using the various catalogues, catalogue elements and attributes described in paragraph 10.  Among other retrieval results, those for certain keywords referring to certain anatomical characteristics evidence associative, whole-part or inheritance relationships among keywords, in part because the same content can be retrieved with multiple such keywords referring to the same anatomical characteristic and multiple such other keywords appear in the "Related Searches" result when one such keyword entered.  Both the website and instructions induce others to infringe.    Additionally, there is no substantial non-infringing use of the Accused Systems.

59.     As a result of Defendant's infringement of the '495 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 6

(Direct and indirect infringement of United States Patent No. 6,477,537)

60.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 as if set forth in their entirety herein.

61.     Upon information and belief, Defendant, without permission of Preservation

Technologies, has been and is presently infringing the '537 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '537 Patent. Defendant is thus liable for direct infringement of the '537 Patent pursuant to 35 U.S.C. § 271(a).

62.     Defendant had actual knowledge of the '537 Patent at least as of September 30, 2014, the date Defendant received Plaintiff's notice letter.

63.     On information and belief, since obtaining knowledge of the '537 Patent as set forth in paragraph 62, Defendant has indirectly infringed and continues to indirectly infringe the '537 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '537 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '537 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '537 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '537 Patent.

64.     On information and belief, since obtaining knowledge of the '537 Patent as set forth in paragraph 62, Defendant has indirectly infringed and continues to indirectly infringe the '537 Patent by contributorily infringing one or more of the claims of the '537 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use

17

that infringes one or more claims of the '537 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

65.     On information and belief, Defendant Mindgeek has indirectly infringed the '537 Patent by, for example, providing the www.pornhub.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the www.pornhub.com website retrieve adult videos, clips and other media types associated with keywords, such as "sex," by using the various solutions and interfaces described in paragraph 11. Both the website and instructions induce others to infringe.  Additionally, there is no substantial non-infringing use of the Accused Systems.

66.     Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '537 Patent.

67.     As a result of Defendant's infringement of the '537 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 7

(Direct and indirect infringement of United States Patent No. 6,199,060)

68.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 as if set forth in their entirety herein.

69.     Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '060 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems,

articles, and methods infringing one or more claims of the '060 Patent. Defendant is thus liable for direct infringement of the '060 Patent pursuant to 35 U.S.C. § 271(a).

70.     Defendant had actual knowledge of the '060 Patent at least as of September 30, 2014, the date Defendant received Plaintiff's notice letter.

71.     On information and belief, since obtaining knowledge of the '060 Patent as set forth in paragraph 70, Defendant has indirectly infringed and continues to indirectly infringe the '060 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '060 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '060 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '060 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '060 Patent.

72.     On information and belief, since obtaining knowledge of the '060 Patent as set forth in paragraph 70, Defendant has indirectly infringed and continues to indirectly infringe the '060 Patent by contributorily infringing one or more of the claims of the '060 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '060 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

73.     On information and belief, Defendant Mindgeek has indirectly infringed the '060 Patent by, for example, providing the www.pornhub.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the www.pornhub.com website retrieve adult videos, clips and other media types associated with keywords, such as "sex," by invoking search requests, receiving search responses, invoking retrieval requests and receiving multimedia data and using the various solutions and interfaces described in paragraph 12.  Both the website and instructions induce others to infringe.  Additionally, there is no substantial non-infringing use of the Accused Systems.

74.     Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '060 Patent.

75.     As a result of Defendant's infringement of the '060 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 8

(Direct and indirect infringement of United States Patent No. 6,212,527)

76.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 as if set forth in their entirety herein.

77.     Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '527 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '527 Patent. Defendant is thus liable

20

for direct infringement of the '527 Patent pursuant to 35 U.S.C. § 271(a).

78.     Defendant had actual knowledge of the '527 Patent at least as of September 30, 2014, the date Defendant received Plaintiff's notice letter.

79.     On information and belief, since obtaining knowledge of the '527 Patent as set forth in paragraph 78, Defendant has indirectly infringed and continues to indirectly infringe the '527 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '527 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '527 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '527 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '527 Patent.

80.     On information and belief, since obtaining knowledge of the '527 Patent as set forth in paragraph 78, Defendant has indirectly infringed and continues to indirectly infringe the '527 Patent by contributorily infringing one or more of the claims of the '527 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35 U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '527 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

81.     On information and belief, Defendant Mindgeek has indirectly infringed

the '527 Patent by, for example, providing the www.pornhub.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the www.pornhub.com website retrieve adult videos, clips and other media types associated with keywords, such as "sex," by using the various catalogues, catalogue elements and attributes described in paragraph 13.  Among other retrieval results, those for certain keywords referring to certain anatomical characteristics evidence associative, whole-part or inheritance relationships among keywords, in part because the same content can be retrieved with multiple such keywords referring to the same anatomical characteristic and multiple such other keywords appear in the "Related Searches" result when one such keyword entered. Additionally, there is no substantial non-infringing use of the Accused Systems.Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '527 Patent.

82.     As a result of Defendant's infringement of the '527 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 9

(Direct and indirect infringement of United States Patent No. 6,549,911)

83.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 as if set forth in their entirety herein.

84.     Upon information and belief, Defendant, without permission of Preservation

Technologies, has been and is presently infringing the '911 Patent, as infringement is defined by

35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems,

articles, and methods infringing one or more claims of the '911 Patent. Defendant is thus liable

for direct infringement of the '911 Patent pursuant to 35 U.S.C. § 271(a).

85.     Defendant had actual knowledge of the '911 Patent at least as of September 30,

2014, the date Defendant received Plaintiff's notice letter.

86.     On information and belief, since obtaining knowledge of the '911 Patent as set

forth in paragraph 85, Defendant has indirectly infringed and continues to indirectly infringe the

'911 Patent by actively inducing infringement by others, including Defendant's end users and/or

customers, of one or more of the claims of the '911 Patent in violation of 35 U.S.C. § 271(b).

Defendant's active inducement of infringement has occurred with the specific intent of

encouraging others to infringe, or with willful blindness to the fact that its action would induce

infringement of, the '911 Patent, as demonstrated by, inter alia, providing specifications and

instructions for the installation and operation of its Accused Systems, including uses that

infringe one or more claims of the '911 Patent, and/or causing, urging, encouraging and/or

aiding others through contracts, agreements, and/or computerized instructions to perform one or

more steps of a method claimed in the '911 Patent.

87.     On information and belief, since obtaining knowledge of the '911 Patent as set

forth in paragraph 85, Defendant has indirectly infringed and continues to indirectly infringe the

'911 Patent by contributorily infringing one or more of the claims of the '911 Patent based on the

direct infringement of others, including Defendant's end users and/or customers, in violation of 35

U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its

Accused Systems are a material part of the invention, and are especially made or adapted for a use

that infringes one or more claims of the '911 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

88.     On information and belief, Defendant Mindgeek has indirectly infringed the '911 Patent by, for example, providing the www.pornhub.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so.  As an example of indirect infringement, end users of the www.pornhub.com website retrieve adult videos, clips and other media types associated with keywords, such as "sex," by using the various catalogues, catalogue elements and attributes described in paragraph 14.  Among other retrieval results, those for certain keywords referring to certain anatomical characteristics evidence associative, whole-part or inheritance relationships among keywords, in part because the same content can be retrieved with multiple such keywords referring to the same anatomical characteristic and multiple such other keywords appear in the "Related Searches" result when one such keyword entered.  Both the website and instructions induce others to infringe.  Additionally, there is no substantial non-infringing use of the Accused Systems.

89.     Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '911 Patent.

90.     As a result of Defendant's infringement of the '911 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 10

(Direct and indirect infringement of United States Patent No. 6,581,071)

91.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 as if set forth in their entirety herein.

92.     Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '071 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '071 Patent. Defendant is thus liable for direct infringement of the '071 Patent pursuant to 35 U.S.C. § 271(a).

93.     Defendant had actual knowledge of the '071 Patent at least as of the receipt of Plaintiff's October 3, 2014 notice letter.

94.     On information and belief, since obtaining knowledge of the '071 Patent as set forth in paragraph 93, Defendant has indirectly infringed and continues to indirectly infringe the '071 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '071 Patent in violation of 35 U.S.C. § 271(b). Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of the '071 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '071 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '071 Patent.

95.     On information and belief, since obtaining knowledge of the '071 Patent as set forth in paragraph 93, Defendant has indirectly infringed and continues to indirectly infringe the '071 Patent by contributorily infringing one or more of the claims of the '071 Patent based on the

direct infringement of others, including Defendant's end users and/or customers, in violation of 35

U.S.C. § 271(c).  Defendant's contributory infringement has occurred with knowledge that its

Accused Systems are a material part of the invention, and are especially made or adapted for a use

that infringes one or more claims of the '071 Patent and are not a staple article or commodity of

commerce suitable for substantial non-infringing uses.

96.     On information and belief, Defendant Mindgeek has indirectly infringed the '071

Patent by, for example, providing the www.pornhub.com website that operates in an infringing

manner or instructing others, including end users and customers, to operate the website in an

infringing manner, and others doing so.  As an example of indirect infringement, end users of the

www.pornhub.com website participate in surveys whereby an end-user receives and answers one

or more questions related to multimedia data (for example, can comment upon and/or rate the

adult videos, clips and other media hosted by the website) using the systems described in

paragraph 15.  Both the website and instructions induce others to infringe.  Additionally, there is

no substantial non-infringing use of the Accused Systems.

97.     Defendant's active inducement of infringement and contributory

infringement has occurred with actual knowledge of the '071 Patent.

98.     As a result of Defendant's infringement of the '071 Patent, Preservation

Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation

Technologies in an amount that adequately compensates it for Defendant's infringement, which, by

law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court

under 35 U.S.C. § 284.

## COUNT 11

(Direct and indirect infringement of United States Patent No. 6,574,638)

99.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-19 as if set forth in

their entirety herein.

100.     Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '638 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '638 Patent. Defendant is thus liable for direct infringement of the '638 Patent pursuant to 35 U.S.C. § 271(a).

101.     Defendant had actual knowledge of the '638 Patent at least as of the receipt of Plaintiff's October 3, 2014 notice letter.

102.     On information and belief, since obtaining knowledge of the '638 Patent as set forth in paragraph 101, Defendant has indirectly infringed and continues to indirectly infringe the '638 Patent by actively inducing infringement by others, including Defendant's end users and/or customers, of one or more of the claims of the '638 Patent in violation of 35 U.S.C. § 271(b).  Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of the '638 Patent, as demonstrated by, inter alia, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '638 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '638 Patent.

103.     On information and belief, since obtaining knowledge of the '638 Patent as set forth in paragraph 101, Defendant has indirectly infringed and continues to indirectly infringe the '638 Patent by contributorily infringing one or more of the claims of the '638 Patent based on the direct infringement of others, including Defendant's end users and/or customers, in violation of 35

U.S.C. § 271(c). Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '638 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

104.    On information and belief, Defendant Mindgeek has indirectly infringed the '638 Patent by, for example, providing the www.pornhub.com website that operates in an infringing manner or instructing others, including end users and customers, to operate the website in an infringing manner, and others doing so. As an example of indirect infringement, end users of the www.pornhub.com website participate in surveys, whereby an end-user receives and answers one or more questions related to multimedia data (e.g., can comment upon and/or rate the adult videos, clips and other media hosted by the website) using the systems described in paragraph 16. Moreover, the Accused Systems create an association between the completed survey and multimedia data to facilitate the search and identification of multimedia data based upon survey data using the systems described in paragraph 16. Both the website and instructions induce others to infringe. Additionally, there is no substantial non-infringing use of the Accused Systems.

105.    Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '638 Patent.

106.    As a result of Defendant's infringement of the '638 Patent, Preservation Technologies has suffered monetary damages. Defendant is, thus, liable to Preservation Technologies in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff Preservation Technologies hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Preservation Technologies respectfully requests that the Court:

A.     Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.     Award Plaintiff Preservation Technologies past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the Patents-in-Suit in accordance with 35 U.S.C. § 284;

C.     Declare this case exceptional pursuant to 35 U.S.C. § 285; and

D.     Award Plaintiff Preservation Technologies its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.


Dated: October 10, 2014                    Respectfully submitted,

                                           FARNAN LLP

Of Counsel:                                /s/ Brian E. Farnan
                                           Brian E. Farnan (Bar No. 4089)
William M. Parrish                         Michael J. Farnan (Bar No. 5165)
Nicole E. Glauser                          919 N. Market St., 12th Floor
Stefanie T. Scott                          Wilmington, DE 19806
DiNovo Price Ellwanger & Hardy LLP         (302) 777-0300
7000 North Mopac Expy, Suite 3             (302) 777-0301 (fax)
Austin, Texas 78731                        bfarnan@farnanlaw.com
(512) 539-2626                             mfarnan@farnanlaw.com
(512) 539-2627 (fax)
                                           ATTORNEYS FOR PLAINTIFF
                                           PRESERVATION TECHNOLOGIES LLC